### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| Amelia Higgins, | : |
| | : Civil Action No.:  4:09-cv-4028 |
| Plaintiff, | : |
| v. | : |
| | : |
| National FC, L.L.C.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : JURY |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Amelia Higgins, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.     Plaintiff, Amelia Higgins ("Plaintiff"), is an adult individual residing in Fresno, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant National FC, L.L.C. ("National"), is a California business entity with an address of 1251 Pomona Road 105, Corona, California 92882, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by National and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      National at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      The Plaintiff incurred a financial obligation in the approximate amount of $3,107.01 (the "Debt") to Household Renaissance (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to National for collection, or National was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      National Engages in Harassment and Abusive Tactics**

12.      The Defendants were rude and threatening during telephone conversations with the Plaintiff.

13.     A Collector, who identified himself as "Michael," telephoned the Plaintiff at work and told her that he was a "county server" and that a deputy was looking for the Plaintiff to serve her with papers.

14.     Michael told the Plaintiff that she had committed the crime of "defrauding a business" and that the deputy was currently on his way to her workplace.

15.     Michael also threatened the Plaintiff with garnishment of her wages during this conversation.

16.     Michael told the Plaintiff that she would have to make a credit card payment on the Debt within the next hour to avoid being arrested.  Michael gave her a telephone number to call to make this payment.

17.     The Plaintiff called the number and spoke with a man identified as "Rolando," who told her that she would need to pay $50 immediately and an additional $1,300 by the end of the month to avoid being served by the deputy.  The Plaintiff agreed to make the $50 payment, but later cancelled it.

18.     Rolando told the Plaintiff that the Debt originated in 2000.

19.     The Defendants failed to mail the Plaintiff a notice informing her of her right to dispute the Debt and to receive verification of the Debt.

20.     The Plaintiff notified the Defendants in writing that she could not receive telephone calls at work.  The Defendants contacted her at work after receiving these notifications.

21.     Rolando telephoned the Plaintiff again after she cancelled the payment and said he was calling from the "legal department."  When the Plaintiff told Rolando that she was represented by an attorney, he told her that the deputy was on his way to her job immediately.

**C.**     <u>**Plaintiff Suffered Actual Damages**</u>

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

<u>**COUNT I**</u>

<u>**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**</u>

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

27.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that the Defendants used profane and abusive language when speaking with the consumer.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(1) in that the Defendants falsely represented to the Plaintiff that it was affiliated with the United States or a government entity.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that the Defendants misrepresented the character, amount and legal status of the debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that the Defendants threatened the Plaintiff with garnishment if the debt was not paid.

32.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that the Defendants threatened the Plaintiff with imprisonment if the debt was not paid.

33.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that the Defendants threatened to take legal action, without actually intending to do so.

34.     The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that the Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

35.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that the Defendants employed false and deceptive means to collect a debt.

36.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that the Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

37.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

38.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

## TEX. FIN. CODE ANN. § 392, et al.

40.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

42.     The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

43.     The Defendants falsely accused or threatened to falsely accuse the Plaintiff of fraud or a crime, in violation of Tex. Fin. Code Ann. § 392.301(a)(2).

44.     The Defendants threatened that the Plaintiff would be arrested for nonpayment of the debt without court proceedings, in violation of Tex. Fin. Code Ann. § 392.301(a)(5).

45.     The Defendants threatened to file a criminal complaint against the Plaintiff, despite having knowledge that the Plaintiff did not violate a criminal law, in violation of Tex. Fin. Code Ann. § 392.301(a)(6).

46.     The Defendants used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

47.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

49.     To establish a cause of action for intentional infliction of emotional distress, a plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was directed at the plaintiff or at a third person in the plaintiff's presence; (4) the defendant's conduct proximately caused the plaintiff emotional distress; and (5) the emotional distress suffered by the plaintiff was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998).

50.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

51.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Texas.

52.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.    Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C.

§ 1692k(a)(2)(A) against the Defendants;

3.   Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.
§ 1692k(a)(3) against the Defendants;

4.   Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5.   Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6.    Remedies under Tex. Bus. & Comm. Code  § 17.62 pursuant to Tex. Fin.
Code Ann. § 392.404(a);

7.   Actual damages from the Defendants for the all damages including
emotional distress suffered as a result of the intentional, reckless, and/or
negligent FDCPA violations and intentional, reckless, and/or negligent
invasions of privacy in an amount to be determined at trial for the Plaintiff;

8.   Punitive damages; and

9.   Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 18, 2009

Respectfully submitted,
By:    /s/ Diana P. Larson
Diana P. Larson, *Attorney-in-Charge*
Texas Bar No. 24007799
Southern District Bar No. 24957
The Larson Law Office, PLLC
440 Louisiana, Suite 900
Houston, Texas  77002
Telephone:  (713) 221-9088
Facsimile:  (832) 415-9762
Email:  diana@thelarsonlawoffice.com

Of Counsel To:
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor

Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666

ATTORNEYS FOR PLAINTIFF